UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GUADALUPE RAMIREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-202 |
| | § | |
| LOWE'S HOME CENTERS LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

### OPINION AND ORDER DENYING MOTION TO QUASH

Plaintiff Guadalupe Ramirez (Ramirez)'s motion to quash and objection to depositions on written questions (D.E. 8) was referred to undersigned. Defendant Lowe's Home Centers, LLC (Lowe's) filed its response July 2, 2015 (D.E. 9).

Ramirez alleges she was permanently injured and disfigured when she tripped on a pothole in the Lowe's parking lot, and she seeks money damages for: (1) past, present, and future pain, suffering, and mental anguish; (2) past, present, and future loss of earning capacity; (3) past and future medical expenses; (4) physical impairment and disfigurement; and (5) exemplary and punitive damages (D.E. 1-2). Plaintiff's lawsuit was originally filed in Nueces County Court at Law 4, and Lowe's removed to this court, citing diversity jurisdiction (D.E. 1). A motion to remand is pending before the District Court (D.E. 6).

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and is admissible at trial or is reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Plaintiff argues

that the discovery sought by Lowe's is "overly broad and in violation of the Federal Rules of Civil Procedure and the Texas Medical Records Privacy Act" (D.E. 8 at 2). Such a statement is conclusory. Plaintiff failed to explain her objections, failed to cite any particular section of the Federal Rules of Civil Procedure that has been violated, and failed to cite any particular section of the Texas Medical Records Privacy Act that has been violated. Plaintiff failed to comply with the local rule that requires a motion to be accompanied by authority and failed to file a certificate of conference as required by the Local Rules for the Southern District of Texas. LR7.1.D; LR7.4.C. Plaintiff placed her emotional and physical health as well as her earning capacity at issue in the lawsuit, and the information sought by Defendant appears to request records related to those issues. Without any specific arguments and citation to authority, the court would be required to speculate as to the nature of Plaintiff's objections.

Accordingly, after considering the parties' pleadings and exhibits, the motion (D.E. 8) is denied in all things.[1]

ORDERED this 9th day of July, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff failed to object to the timing of the discovery requests pursuant to Rules 26(d)(1) and 30(a)(2)(A)(iii), so the Court will assume that the parties have held their Rule 26(f)(1) conference or alternatively that the parties are conducting discovery by stipulated agreement. FED. R. CIV. P. 26(d)(1); 26(f)(1); 30(a)(2)(A)(iii). Any objection to the timing of the discovery requests is therefore waived.