UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GUADALUPE RAMIREZ, § § Plaintiff, § VS. § CIVIL ACTION NO. 2:15-CV-202 § LOWE'S HOME CENTERS LLC, *et al*, § § Defendants. § | |

## ORDER ON MOTION TO REMAND

This is a personal injury case based upon a trip and fall in the parking lot of a Lowe's store. D.E. 1-2, pp. 4-12. Plaintiff, Guadalupe Ramirez (Ramirez), filed suit in the County Court at Law No. 4, Nueces County, Texas against four Defendants: Lowe's Companies, Inc. (LCI), Lowe's Home Centers, LLC (LHC), L. Keeley Construction Co. (Keeley), and Salvador Martinez (Martinez). *Id.* LHC removed the case to this Court on the basis of diversity jurisdiction with the consent of LCI, and with the allegation that Martinez was improperly joined. D.E. 1. Ramirez seeks an order remanding the case to state court on the basis that: (1) Martinez is properly joined and non-diverse; (2) the Notice of Removal fails to include the consent of Keeley; and (3) the removing defendant invoked the jurisdiction of the state court sufficient to have waived the right to remove. D.E. 6. For the reasons set out below, the motion to remand is GRANTED.

For purposes of this decision, the Court assumes without deciding that Martinez, whose liability is predicated on his position as Lowe's store manager, was improperly

joined[1] and that the Lowe's Defendants' pleading propounding discovery was not an invocation of state court jurisdiction that waived their removal rights.[2] Thus the Court focuses on whether the notice of removal was fatally defective for not addressing the consent of Defendant Keeley as part of the unanimous consent rule. Toward this end, the Court uses the following timeline of operative facts:

| Date | Event |
|---|---|
| April 15, 2015 | Plaintiff filed the state court suit. D.E. 1- 2. |
| April 21, 2015 | Plaintiff served the Lowe's Defendants with the state court suit. D.E. 1. Plaintiff also served Defendant Keeley with the state court suit. D.E. 6-11. |
| April 22, 2015 | Plaintiff served Defendant Martinez. D.E. 7-3; D.E. 6-12. |
| May 7, 2015 | LHC filed the notice of removal with LCI's consent D.E. 1. The notice of removal does not address the status or consent of Defendant Keeley. |
| May 15, 2015 | Defendant Keeley filed its answer in the state court suit. D.E. 7-3. |
| May 21, 2015 | Defendants LHC, LCI, and Keeley's 30-day removal deadline expired. 28 U.S.C. § 1446(b). |
| May 22, 2015 | Defendant Martinez's removal deadline expired, ending the time frame within which any of the defendants could take any action to file, amend, or supplement a removal. 28 U.S.C. § 1446(b)(2)(C) (last-served defendant rule). |
| June 1, 2015 | Defendant Keeley filed its Certificate of Interested Parties in this action. D.E. 5. |

---

[1] In Texas, individual liability against an employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Bourne v. Wal–Mart Stores, Inc*., 582 F. Supp. 2d 828 (E.D.Tex. 2008). The Texas Supreme Court has extended the holding in Leitch to premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005).

[2] *Tedford v. Warner–Lambert Co*., 327 F.3d 423, 428 (5th Cir. 2003) ( "A waiver of the right to remove must be clear and unequivocal; the right to remove is not lost by participating in state court proceedings short of seeking an adjudication on the merits.").

June 8, 2015    Plaintiff timely filed her Motion to Remand. D.E. 6. Defendant Keeley did not timely file a notice of removal in this case and did not file a consent to LHC's removal.

According to the rule of unanimity, when a plaintiff files an action that is removable, "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). According to the plain language of the statute, Defendant Keeley, who was served on the same date as the Lowe's Defendants, was required to consent to removal.

Consent to removal is not required from: (1) improperly or fraudulently joined parties;[3] (2) nominal or unnecessary defendants;[4] and (3) defendants who have not been served by the time of the removal.[5] The Lowe's Defendants argue that they did not know that Defendant Keeley had been served because the state court's docket sheet reflected that Keeley was "unserved," and Keeley had not made any appearance in the lawsuit. D.E. 7, p. 8. This argument does not fall within any of the exceptions. Neither does it hold up as a factual matter.

Defendant Keeley, after the notice of removal was filed, entered its answer in state court. Defendant Keeley had at least until May 21, 2015—six days after it filed its answer in state court—to consent to the removal. Defendant Keeley knew or should have known of the Lowe's Defendants' removal in time to consent; the Lowe's Defendants

---

[3] *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 2003).

[4] *Farias v. Bexar Cnty. Bd. of Tr. for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991).

[5] *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir.1992).

knew or should have known of Keeley's appearance in state court in time to obtain its consent. Thus, the Lowe's Defendants' failure to comply with the unanimity rule is fatal to this removal. *See e.g., Gutierrez v. La Joya Indep. Sch. Dist.,* No. CIV.A. M-12-266, 2012 WL 5464957 (S.D. Tex. Nov. 8, 2012) (rejecting ignorance of service as an exception to unanimity rule); *Marquette Bus. Inc. v. America's Kitchen, Inc.,* No. CIV.A. 3:09-CV-1937-D, 2010 WL 1711767 (N.D. Tex. Apr. 28, 2010) (same).

The Lowe's Defendants argue that this case should be treated as an extraordinary one, requiring an exception to the rule of unanimous consent. The Court disagrees. On a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Maguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Any ambiguities and all disputed questions of fact are construed against removal because the removal statute should be strictly construed in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42–43 (5th Cir. 1992). The strict construction rule arises because of "significant federalism concerns." *See generally, Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). This Court does not find that an exception to the removal procedure is warranted here.

Ramirez's motion to remand is GRANTED.

ORDERED this 22nd day of July, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE